IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL GALLOWAY,

    Petitioner,

    v.

DERRAL ADAMS,

    Respondent.

No. C 03-04096 JSW

**ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR CERTIFICATE OF APPEALABILITY**

On January 30, 2007, this Court denied Petitioner Paul Galloway's ("Petitioner") Amended Petition for Writ of Habeas Corpus on the merits. Petitioner now requests a certificate of appealability.

**BACKGROUND**

On February 18, 1999, a jury in Santa Clara County found Petitioner guilty of second degree murder, attempted non-premeditated murder, and vehicle theft. The jury found Petitioner not guilty of conspiracy to commit murder. On May 14, 1999, Petitioner was sentenced to a total state prison term of 19 years plus 20 years to life. The facts underlying Petitioner's conviction are set forth in the Court's Order denying the Amended Petition on the merits and shall not be repeated here.

**LEGAL STANDARD**

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability ("COA") (formerly known as a certificate of probable cause to appeal ("CPC")). *See* 28 U.S.C. § 2253(c). A judge shall grant a COA "only

if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [section] 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. This requires an overview of the claims in the habeas petition and a general assessment of their merits. It does not require full consideration of the factual or legal bases adduced in support of the claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Nor does it require a showing that the appeal will succeed. *Id.*; *accord Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (issuance of COA is not precluded merely because petitioner cannot meet standard for actually obtaining habeas relief). The question is the debatability of the underlying claim, not the resolution of that debate. *Miller-El*, 537 U.S. at 342.

Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2) codified the standard announced by the United States Supreme Court in *Barefoot v. Estelle*, 463 U.S. 880, 892-93 (1983). *See Slack*, 529 U.S. at 483. In *Barefoot*, the Supreme Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot*, 463 U.S. 893 n.4. (citations and internal quotations omitted). The COA must indicate which issues satisfy the section 2253(c)(3) standard, and the Court of Appeals is limited to considering only those claims. *Hivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999).

## DISCUSSION

Petitioner raised five claims for relief in his amended petition. Petitioner's first claim alleged that his trial counsel was ineffective because he: did not retain a ballistics expert; did not retain a toxicology expert; and did not call a co-defendant, Johnny Dagnino, as a witness. Petitioner's second claim alleged that the trial court violated his constitutional right to present a

1  defense, because the trial court refused to instruct the jury on the defense theory of the case.
2  The third claim for relief alleged that the trial court interfered with Petitioner's rights to the
3  effective assistance of counsel and to a fair trial by refusing to allow his investigator to sit at the
4  defense table and by limiting trial counsel's communications with his investigator.  Petitioner's
5  fourth claim alleged that he was deprived of a fair trial because of prejudicial prosecutorial
6  misconduct.  Petitioner's fifth claim alleged that the trial court violated his federal constitutional
7  right to a public trial and violated his procedural due process rights by closing the court room to
8  the public when a portion of the Petitioner's testimony was reread to the jury.

9　　　　The Court concludes that with respect to Petitioner's claim that his trial counsel was
10 ineffective for failing to call a ballistics expert, Petitioner has demonstrated that this question is
11 adequate to deserve encouragement to go further.  However, with respect to the remaining
12 claims, and recognizing that in ruling on the request for a COA, Petitioner need not demonstrate
13 that he will succeed on appeal, for the reasons set forth in its Order denying the amended
14 petition on the merits, the Court concludes that Petitioner has not demonstrated that the issues
15 are debatable among jurists of reason; that a court could resolve the issues in a different
16 manner; or that the questions are adequate to deserve encouragement to proceed further.

17　　　　Accordingly, Petitioner's application for a COA is GRANTED IN PART AND
18 DENIED IN PART.

19　　　　**IT IS SO ORDERED.**

21 Dated: March 2, 2007

　　　　　　　　　　　　　　　　　　　　　　　　JEFFREY S. WHITE
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE